# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**MICHAEL L. BOYD**                                                                **PLAINTIFF**
**ADC #115890**

**V.**                      **NO. 2:24-cv-00174-KGB-ERE**

**TIFFANY WILLIAMS,** *et al.*                                    **DEFENDANTS**

## ORDER

*Pro se* plaintiff Michael L. Boyd, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Boyd's complaint alleges that Captain Tiffany Williams, Director Dexter Payne, and Supervisor Southern retaliated against him for exercising his First Amendment rights by tampering with his mail. He sues Defendants in both their individual and official capacities seeking monetary damages.

The Court originally: (1) granted Mr. Boyd's motion for leave to proceed in forma pauperis (IFP); and (2) determined that Mr. Boyd arguably stated a First Amendment retaliation claim against Defendants. *Doc. 5*.

Defendants have now moved for the Court to vacate its September 25, 2024 Order granting Mr. Boyd's motion for leave to proceed and revoke Mr. Boyd's IFP status because he is a three-striker. *Doc. 18*. Defendants' motion has merit.

Court records show that, before filing this lawsuit, Mr. Boyd had at least three cases dismissed based on his failure to state a plausible constitutional claim for relief.[1] As a

---

[1] The following dismissals should be considered "strikes" for purposes of 28 U.S.C. § 1915(g): *Boyd v. Steele*, E.D. Ark. Case No. 4:02-cv-00123-BRW (April 24, 2002

result, in order to proceed IFP, Mr. Boyd must allege facts sufficient to show that he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Mr. Boyd's complaint does not allege any such facts.

IT IS THEREFORE ORDERED THAT:

1. Defendants' motion to vacate (*Doc. 18*) is GRANTED. Mr. Boyd's IFP status is hereby revoked.

2. **If Mr. Boyd wishes to proceed with this action, he <u>must pay the $405 filing and administrative fee</u> within 30 days.**

3. Mr. Boyd's failure to comply with this Court's Order may result in the dismissal of his claims, without prejudice. See Local Rule 5.5(c).

SO ORDERED 6 January 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

dismissal for failure to state a claim); *Boyd v. Wheeling Machine Products*, E.D. Ark. Case No. 5:02-cv-00170-JMM (July 2, 2024 dismissal for same); *Boyd v. Harrison, et al.*, E.D. Ark. Case No. 2:19-cv-00119-KGB (June 8, 2020 dismissal for same); and *Boyd v. Payne, et al.*, E.D. Ark. Case No. 2:23-cv-228-BSM (Dec. 22, 2023 dismissal for same). Although Defendants contend that the Court's dismissal of Mr. Boyd's claims in *Boyd v. Owney*, E.D. Ark. Case No. 5:02-cv-413-GH also counts as a strike, the Court disagrees. The Court dismissed Mr. Boyd's claims in that case based on his failure to prosecute that lawsuit. The Court no longer considers such dismissals strikes for purposes of 28 U.S.C. § 1915(g). See *Anderson v. Langley*, 2003 WL 23019400 (8th Cir. 2003) (indicating that dismissals for failure to prosecute and for failure to exhaust "may not fall within the ambit of section 1915(g).").