## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**MICHAEL BOYD**                                                                 **PLAINTIFF**
**ADC #115890**

**V.**                               **NO. 2:24-cv-174-KGB-ERE**

**TIFFANY WILLIAMS,** *et al.*                                        **DEFENDANTS**

### RECOMMENDED DISPOSITION

### I.    Procedures for Filing Objections:

This Recommendation has been sent to Chief United States District Judge
Kristine G. Baker. You may file written objections to all or part of this
Recommendation.  Any objections filed must: (1) specifically explain the factual
and/or legal basis for the objection; and (2) be received by the Clerk of this Court
within fourteen (14) days of the date of this Recommendation. If you do not object,
you risk waiving the right to appeal questions of fact and Chief Judge Baker can
adopt this Recommendation without independently reviewing the record.

### II.    Discussion:

On September 13, 2025, *pro se* plaintiff Michael L. Boyd, an Arkansas
Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983.
*Doc. 2*. Although I initially granted Mr. Boyd's motion for leave to proceed in forma
pauperis (IFP) (*Doc. 5*), I later revoked his IFP status because Mr. Boyd is a "three-

striker."[1] *Doc. 23*. As a result, he can proceed with this case without paying the filing fee only if he is currently in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Mr. Boyd's complaint alleges that Captain Tiffany Williams, Director Dexter Payne, and Supervisor Linda Southern retaliated against him by for exercising his First Amendment rights. Such facts are not sufficient to show that he is in imminent danger of serious physical injury.

To date, Mr. Boyd has not paid the statutory filing fee, and the deadline to do so has passed. *Doc. 33*.

## III.   <u>Conclusion</u>:

IT IS THEREFORE RECOMMENDED THAT:

1.      Mr. Boyd's complaint be DISMISSED, without prejudice, based on his failure to: (1) comply with this Court's February 26, 2025 Order requiring him to pay the filing fee; and (2) prosecute this lawsuit.

2.      The Clerk be instructed to close this case.

---

[1] The following dismissals should be considered "strikes" for purposes of 28 U.S.C. § 1915(g): *Boyd v. Steele*, E.D. Ark. Case No. 4:02-cv-00123-BRW (April 24, 2002 dismissal for failure to state a claim); *Boyd v. Wheeling Machine Products*, E.D. Ark. Case No. 5:02-cv-00170-JMM (July 2, 2024 dismissal for same); *Boyd v. Harrison, et al.*, E.D. Ark. Case No. 2:19-cv-00119-KGB (June 8, 2020 dismissal for same); and *Boyd v. Payne, et al.*, E.D. Ark. Case No. 2:23-cv-228-BSM (Dec. 22, 2023 dismissal for same).

Dated 11 April 2025.

_____
UNITED STATES MAGISTRATE JUDGE