IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MICHAEL L. BOYD**                                                                                        **PLAINTIFF**

v.                                              Case No. 2:24-cv-00174 KGB

**TIFFANY WILLIAMS, Captain,**
**East Arkansas Regional Unit,** *et al.*                                                   **DEFENDANTS**

**ORDER**

Before the Court is United States Magistrate Judge Edie R. Ervin's Recommended Disposition ("Recommendation") concluding that plaintiff Michael L. Boyd is a "three-striker" within the meaning of 28 U.S.C. § 1915(g) and that he has not paid the filing fee or alleged sufficient facts that he is in imminent danger of serious physical injury in order to proceed *in forma pauperis* in this lawsuit (Dkt. No. 36, at 2).[1] Also before the Court are Mr. Boyd's motions for transfer and for release from imprisonment, which the Court construes as supplements to Mr. Boyd's objections to the Recommendation (Dkt. Nos. 40; 42). Finally, before the Court are Mr. Boyd's motions for status (Dkt. Nos. 41; 43). After a review of Mr. Boyd's objections, the supplements to his objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is approved and adopted as this Court's findings in all respects (Dkt. No. 36). The Court grants Mr. Boyd's motions for status (Dkt. Nos. 41; 43). The Court writes separately to discuss Mr. Boyd's objections.

---

[1] Judge Ervin initially granted Mr. Boyd's motion to proceed *in forma pauperis* and then later, in an Order dated January 6, 2025, revoked Mr. Boyd's *in forma pauperis* status after determining that he is a "three-striker" (Dkt. No. 23). Because Mr. Boyd did not allege sufficient facts to support a finding of imminent danger of serious physical injury in his complaint, Judge Ervin ordered Mr. Boyd to pay the filing fee to continue with his lawsuit (*Id.*, at 2). Mr. Boyd has not paid the filing fee.

I.      **Objections To The Recommendation**

In his objections to Judge Ervin's Recommendation, Mr. Boyd contends that the imminent danger exception applies to his case. Mr. Boyd may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. 28 U.S.C. § 1915(g) (providing that prisoners with three strikes should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient"). The Eighth Circuit Court of Appeals has been reluctant to apply the imminent danger exception unless the alleged ongoing danger subjects the prisoner to risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

The denial of appropriate medical care may, under certain circumstances, present an "imminent danger" sufficient to create an exception to the three-strikes policy and allow a prisoner to proceed *in forma pauperis*. *See Partin v. Harmon*, 113 Fed. App'x 717, 718 (8th Cir. 2004) (unpublished) (per curiam) (holding that plaintiff satisfied the imminent danger exception where he alleged that "he was exposed to raw sewage; denied treatment for tuberculosis, prostate cancer, and colon cancer; deprived of prosthetic support boots; denied medical care for an injured knee and ankle; and forced to work against medical restrictions"); *McAlphin v. Toney*, 281 F.3d 709, 711 (8th Cir. 2002) (holding that plaintiff's allegation that a spreading infection in his mouth

constituted an imminent danger of serious physical injury);[2] *see also Brown v. Wolf*, 705 Fed. App'x 63, 66-67 (3d Cir. 2017) (holding that allegation by prisoner that the prison was "refusing him *any* medical treatment for his Hepatitis C, if true, puts [plaintiff] in imminent danger of serious physical injury.") (emphasis in original).  However, the Eighth Circuit Court of Appeals determined in *Martin v. Shelton*, where the prisoner alleged that he was twice forced to work outside in inclement weather, once in cold weather without warm clothing and then later in hot weather, despite his blood pressure condition, that the prisoner's claim of imminent danger of serious physical injury had failed.  319 F.3d at 1050–51.  The complaint included "conclusory assertions that defendants were trying to kill Martin by forcing him to work in extreme conditions despite his blood pressure condition." *Id*. at 1050.  The Eighth Circuit determined that "[t]his type of general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id*.

In his complaint, Mr. Boyd asserts that Captain Tiffany Williams, Director Dexter Payne, and Supervisor Linda Southern are retaliating against him for exercising his First Amendment rights (Dkt. No. 2).  Mr. Boyd does not bring a claim related to his medical care in his complaint, and he does not name any medical personnel as a defendant in this case.  In his objections to the Recommendation, Mr. Boyd maintains that he states a claim of imminent danger of serious physical injury because he had been diagnosed with Crohn's disease at the time the complaint was file and that he was denied a medication to treat the disease that was recommended by a specialist (Dkt. No. 39, at 2).  Even if this were true and it related to allegations in his complaint, Mr. Boyd's

---

[2] The concurrence in *McAlphin* "tend[ed] to doubt that McAlphin's allegations of a mouth infection constitute[d] a 'serious physical injury.'" *McAlphin*, 281 F.3d at 711 (Bye, J., concurring) (citing 28 U.S.C. § 1915(g)).

allegations in his objections are still not sufficient to establish that he is imminent danger of serious physical injury because the medical grievance attached to his objections indicates that Mr. Boyd is receiving medication to treat his moderate Crohn's disease (*Id*., at 5).

In his filing titled "Motion For Transfer," Mr. Boyd again asserts that his "disease" has progressed to Crohn's disease, and he again accuses prison medical staff of denying him the treatment recommended by the specialist because of the cost (Dkt. No. 40, at 1). Mr. Boyd also contends, as he does in his complaint, that he is being retaliated against as he was in the past and that he is "having problem[s] with legal mail." (*Id*., at 2). Mr. Boyd does not ask for a transfer, and the Court views the motion for transfer as a supplement to Mr. Boyd's objections (*Id*.).

In his filing titled "Motion For Release [From] Imprisonment Transfer To Home Confinement," which the Court also views as a supplement to Mr. Boyd's objections, Mr. Boyd reiterates that on October 29, 2024, a specialist diagnosed him with Crohn's Disease and that the disease is progressively worsening (Dkt. No. 42, at 1). Mr. Boyd states that his condition has progressed from ulcerative colitis to moderate Crohn's Disease (*Id*.). Mr. Boyd contends that he is in "extraordinary pain" and is having "complications" (*Id*.). Mr. Boyd also contends that he is at risk of for "terminal illness" and "exposure to a life threatening disease." (*Id*., at 2). Mr. Boyd maintains that his diagnosis of moderate Crohn's Disease is an "extraordinary and compelling" reason for release from imprisonment and transfer to home confinement (*Id*., at 2). The Court observes that Mr. Boyd is in the custody of the Arkansas Department of Correction; the Court is not able to grant Mr. Boyd release from imprisonment in this type of action.

Based on the Court's review of all of the evidence in the record, it appears that Mr. Boyd has been receiving medical treatment but that Mr. Boyd disagrees with the type of medical treatment that he is receiving. Moreover, Mr. Boyd's claim of imminent serious physical injury is

4

unrelated to the allegations in his complaint (Dkt. No. 2).  The Court cannot conclude, based upon the record before it, that any of the defendants in this case are placing Mr. Boyd in imminent danger of serious physical injury so as to permit Mr. Boyd to proceed *in forma pauperis* in this action.  Mr. Boyd must pay the statutory filing fee.

### II.   Motions For Status

Mr. Boyd filed two motions for status in which he asks the Court to provide him with the status of the case (Dkt. Nos. 41; 43).  Mr. Boyd's motions are granted (*Id.*).  This Order shall serve to update Mr. Boyd regarding the status of his case.

### III.  Conclusion

It is therefore ordered that:

1.  The Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in all respects (Dkt. No. 36).

2.  The Court denies Mr. Boyd's pending motion for transfer and motion for release from imprisonment and treats the filings as supplements to his objections to the Recommendation (Dkt. Nos. 40; 42).

3.  The Court overrules Mr. Boyd's objections and supplemental objections to the Recommendation (Dkt. Nos. 39; 40; 42).

4.  Mr. Boyd's complaint is dismissed, without prejudice, based on his failure to comply with the Court's February 26, 2025, Order requiring Mr. Boyd to pay the filing fee (Dkt. No. 33).

5.  The Court denies as moot Mr. Boyd's motion for hearing (Dkt. No. 44).

6.  Mr. Boyd shall have 30 days to reopen this case by paying the $405.00 filing fee in full and filing a motion to reopen the case.

So ordered this 14th day of July, 2025.

_Kristine G. Baker_
Kristine G. Baker
Chief United States District Judge